UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  NO: 4:15 CR 553 JAR |
| | ) |
| KYLE MAURICE PARKS, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE 404(b) EVIDENCE**

Comes now the United States of America, by Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Howard J. Marcus and Jennifer A. Winfield, Assistant United States Attorneys for said District, and files its Notice of Intent to Introduce 404(b) Evidence.

**Summary of the Evidence**

The Government is entitled to introduce this evidence of similar bad acts because they bear on the issues of proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, which are all proper purposes under Rule 404(b).

The Government's anticipated evidence involves various types of crimes, conduct and bad acts by Defendant Kyle Maurice Parks. Overall, the common thread in each piece of evidence is the Defendant's history of recruiting, enticing, transporting individuals, as well as sexual exploitation of vulnerable people that is strongly similar in time and kind to the charged offenses.

Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request of the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The Government asserts that the evidence of the Defendant's overall pattern of conduct and bad acts is, in fact, intrinsic to the charged offenses and therefore not subject to Rule 404(b). However, the Government, in an abundance of caution, notifies the defendant of its intended use of this evidence.

## Introduction

During the trial in this matter, the Government intends to introduce testimony concerning the defendant's prior acts of enticing, recruiting, and encouraging women to engage in commercial sex acts. Further this conduct involved the transporting and trafficking for the minor and adult females for the purposes of committing commercial sex acts. The Government also plans to introduce photographs of various females that the defendant used when posting his advertisements for the commercial sex services performed by both the minor and the adult victim in this matter. These postings were placed on Backpage.com. These advertisements can be tied to the Defendant through witness testimony, email accounts and cell phone accounts. This evidence has been provided to the Defendant in the course of discovery.

The Government would also offer evidence of the Defendant's June 26, 1992 arrest for promotion of prostitution and endangering children, in Franklin County, Ohio. On or about

December, 1992, the Defendant was subsequently convicted for promoting prostitution, a felony, and sentenced to a one- year term of incarceration, with supervision.

## Legal Standard

The above referenced evidence meets all the criteria of admissibility. First, "intrinsic evidence is evidence that 'completes the story' or provides a 'total picture' of the charged crime."   United States v. Tyerman, 701 F.3d 552, 562 (8th Cir. 2012), quoting United States v. Johnson, 463 F.3d 803, 808 (8th Cir. 2006). This clearly applies to all of his conduct with the exception of the 1992 conviction. Second, "this court characterizes Rule 404(b) as 'a rule of inclusion not of exclusion,' and we will reverse a district court's admission of prior act evidence only when such evidence clearly has no bearing on the issues in the case and was introduced solely to prove the defendant's propensity to commit criminal acts." United States v. Turner, 583 F.3d 1062 (8th Cir. 2009), 1066 (8th Cir. 2009).    "[T]he district court does not abuse its discretion in admitting evidence under Rule 404(b) unless it is clear that the evidence had no bearing on any of the issues involved."   United States v. Steele, 550 F.3d 693, 700 (8th Cir. 2008)(quotation marks omitted).

The Government must meet the Eighth Circuit's four-prong admissibility test to introduce a defendant's prior bad acts into evidence. Pursuant to Rule 404(b), evidence of other crimes, wrongs, or acts may be admissible to demonstrate "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."   Fed. R. Evid. 404(b); see also United States v. Williams, 534 F.3d 980, 984 (8th Cir. 2008).   Courts have uniformly interpreted Rule 404(b) as a "rule of inclusion rather than exclusion . . . ." Huddleston v. United States, 485 U.S. 681, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988); United States v. Johnson, 439

3

F.3d 884, 887 (8th Cir. 2006); United States v. Jourdain, 433 F.3d 652, 659 (8th Cir. 2006); United States v. Koski, 424 F.3d 812, 817 (8th Cir. 2005)( internal citations omitted).   In Huddleston, the Supreme Court rejected a judicially created requirement that evidence of previous bad acts meet a "clear and convincing" standard of proof prior to admission.   The Supreme Court stated that such evidence is admissible and "subject only to general strictures limiting admissibility such as Rules 402 and 403" if offered for any proper purpose other than the bad character of the defendant.   Id.   The trial court has broad discretion in determining whether to admit such evidence.   United States v. Katz, 445 F.3d 1023, 1029 (8th Cir. 2006); United States v. Love, 419 F.3d 825, 828 (8th Cir. 2005).

To be admitted under Rule 404(b), the evidence of the prior wrong must be:

(1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect.   Williams, 534 F.3d at 984; see also United States v. Johnson, 439 F.3d 947, 952 (8th Cir. 2006); United States v. Strong, 415 F.3d 902, 905 (8th Cir. 2005); United States v. Oates, 173 F.3d 651, 659 (8th Cir. 1999).   The proffered evidence meets all the requirements for admissibility here.

**Argument**

The aforementioned evidence is highly relevant to the Defendant's knowledge, lack of mistake, opportunity and intent. Defendant Parks knew what he was doing when he targeted vulnerable females to "pimp" them out. He has displayed this pattern of behavior consistently and it was not a coincidence or accident that the Defendant exploited their vulnerabilities, including drug abuse, homelessness, age and run away status as leverage to further his goals.

Additionally, the surrounding facts and circumstances are relevant to sex trafficking, and attempted sex trafficking of a minor in Counts 1, 3 and 5 of the Indictment where the United

4

States must prove that Defendant recruited, transported, or obtained victims knowing, or in reckless disregard of the fact, that the person has not attained the age of 18 years and would be caused to engage in a commercial sex act. The Defendant claims that he was unaware of the true ages of the minor victims and that he did not know that TS, LL, SL or TM were minors. He has also maintained that he was not engaged in any wrong doing or criminal conduct. Alternatively, the facts and circumstances show motive, intent, plan, knowledge, absence of mistake, and/or lack of accident involving sex trafficking of minors. The probative value of the evidence is not substantially outweighed by unfair prejudice. See, e.g., United States v. Evans, 272 F.3d 1069, 1083 (8th Cir. 2001)(permitting a prior sexual assault to show actions taken to recruit, control, and discipline prostitutes in a Section 2423 trial); United States v. Drury, 582 F.2d 1181, 1185 (8th Cir. 1978)( permitting testimony regarding the defendant employing prostitutes on a prior occasion); United States v. Sims, 161 F. App'x 849, 851, 853 (11th Cir. 2006)(permitting a prior sexual assault arrest and some testimony involving the victim connected to the arrest to come into evidence in a Section 1591 trial).

I. Any Photographs or Testimony Regarding Unidentified Females Not Charged In This Case

Additionally, advertisements for commercial sex to be performed by the victims and testimony regarding other female prostitutes working for the defendant are evidence wholly relevant to all counts of the Indictment, as the evidence shows defendant's knowledge and intent. Moreover, the advertisements and testimony rebut the defendant's defense that he is not involved in the business of prostitution.   Below is a summary of the photographs:

- Pictures of females in sexually suggestive poses listing their services and prices with the defendant's phone number listed on the advertisement (some of the photos are of actual victims, others are images that the Defendant obtained off the internet to be used in lieu

5

of the actual photos of the girls)

Alternatively, such evidence is also admissible under Rule 404(b) to show motive, identity, lack of mistake, and absence of accident. The probative value of the evidence is not substantially outweighed by unfair prejudice.   Lastly, all of the above referenced photos and conduct are not too remote in time to the charged offenses, having all occurred within 6 months of the crimes charged.   See United States v. Strong, 415 F.3d 902, 905–06 (8th Cir. 2005)(16 years not too remote); United States v. Frazier, 280 F.3d 835, 847 (8th Cir. 2002) (noting "instances where 12, 13 and 17 years separated prior crimes found to be admissible.").

 Furthermore, to minimize any prejudice, the Government will propose an instruction regarding the limited purposes for which the evidence of defendant's prior bad acts may be used.   Prior to and after the introduction of the 404(b) evidence at trial, the Government proposes that the limiting instruction be read to the jury regarding this evidence. "[T]he presence of a limiting instruction diminishes the danger of any unfair prejudice arising from the admission of other acts."   United States v. Strong, 415 F.3d 902, 906 (8th Cir. 2005)(quoting United States v. Franklin, 250 F.3d 653, 659 (8th Cir. 2001)).

II.   Contents of the Defendant's Phone

The Defendant's phone was forensically examined pursuant to a valid federal search warrant. The forensic examination of the phone revealed that numerous images of escorts, similar in kind to the ones posted on Backpages.com and explicit pimp/prostitute related text conversations between the defendant and an assortment of prostitutes and commercial sex clients. This evidence is admissible as intrinsic evidence of the charged crimes and would also be admissible under Rule 404(b).

III.     The Defendant's Prior Arrest and Subsequent Conviction for Promoting Prostitution

The Defendant's prior felony conviction should be admissible under Rule 404(b). Based upon the review of the discovery, the defendant has suggested that he merely happened to transport four minors and two adults from Columbus, Ohio to St. Louis, Missouri and that it was not for any nefarious purposes. This prior conviction negates and refutes that suggestion that he happened to be engaging in legitimate business activities or that he acted by mistake.

## **Conclusion**

For the foregoing reasons, the Government respectfully requests that the Court admit the evidence outlined above because the evidence is intrinsic to the charged offenses, or, in the alternative, pursuant to Rule 404(b).

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

 s/ Howard J. Marcus
HOWARD J. Marcus 29756MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, MO 63102
(314) 539-2200

7

## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 19, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

            *s/ Howard J. Marcus*
            HOWARD J. MARCUS, #29756MO
            Assistant United States Attorney