# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:15-CR-00553 JAR |
| KYLE MAURICE PARKS, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. No. 208), as supplemented by counsel (Doc. No. 211). The Government opposes Defendant's motion on the grounds that he has failed to establish that he exhausted his administrative remedies with the Bureau of Prisons ("BOP") and because he has failed to demonstrate that he no longer poses a danger to the community or otherwise merits release under the § 3553(a) sentencing factors. For the following reasons, Defendant's motion will be denied.

**Background**

Following a jury trial, Defendant was found guilty on January 12, 2017, of nine counts of a nine-count Superseding Indictment charging Transportation of a Minor to Engage in a Commercial Sex Act, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2) (Count 1); Transportation with Intent to Engage in Prostitution, in violation of 18 U.S.C. § 2421(a) (Counts 2, 4, 6, 7, 8, and 9); and Attempted Transportation of a Minor to Engage in a Commercial Sex Act, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2) and 18 U.S.C. § 1594(a) (Counts 3 and 5). He was sentenced on April 19, 2017 to concurrent terms of imprisonment of 300 months on

each of Counts 1, 3, and 5, and 120 months on Counts 2, 4, and 6 through 9, followed by lifetime supervised release. Defendant is currently confined at USP Terre Haute, with a projected release date of May 16, 2037. He is 58 years old.

On November 20, 2020, Defendant, through counsel, filed the instant motion for compassionate release, asserting that his age, race, and serious medical conditions, specifically heart disease, high blood pressure and obesity, put him at extreme risk of complications should he contract COVID-19 while incarcerated. Defendant notes that at the time of filing, USP Terre Haute was reporting three COVID-19 positive inmates, with 91 inmates listed as "recovered" and two inmate deaths. The adjacent FCI was reporting 66 positive inmates, with 136 inmates listed as "recovered" and one inmate death from COVID-19. At least 35 staff between the two facilities have been infected.

**First Step Act**

In 2018, Congress passed the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Before the enactment of the First Step Act, only the Director of the Bureau of Prisons could move for compassionate release. Now, a defendant may bring his own motion if he has exhausted his administrative appeals or, after the warden of the defendant's facility receives the request for compassionate release, the warden does not respond within 30 days. Pub. L. No. 115-391, 132 Stat. 5194, § 603(b).

Aside from allowing defendants to bring their motions directly, the First Step Act did not change the standards for compassionate release. Relief is available where the proposed sentence reduction is supported by: (1) "extraordinary and compelling reasons;" (2) "applicable policy statements issued by the Sentencing Commission[;]" and (3) "the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i). As to the first requirement, Congress directed the

Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including ... a list of specific examples." 28 U.S.C. § 994(t). The Application Notes to U.S.S.G. § 1B1.13 identify "extraordinary and compelling reasons" to include the following: (A) the medical condition of the defendant, provided that it "substantially diminishes the ability of defendant to provide self-care within the environment of a correctional facility…;" (B) the defendant's age (at least sixty-five years old); (C) family circumstances such as the death or incapacitation of the caregiver of the defendant's minor children; or (D) other reasons as determined by the Director of the BOP other than, or in combination with, the reasons described in subdivisions (A) through (C). U.S.S.G. § 1B1.13, Application Note 1.[1]

The next requirement – that the reduction is consistent with Sentencing Commission policy – focuses on community safety. The Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. Id. (incorporating the 18 U.S.C. § 3142(g) factors).

The last requirement for compassionate release focuses on the § 3553(a) factors. Those factors include, among other things, "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just

---

[1] Although the policy language only allows the Director of the BOP to identify other grounds that amount to "extraordinary and compelling reasons," the Court agrees with numerous district courts, including in this Circuit, that have interpreted this provision to allow courts, in addition to the Director, the discretion to consider other relevant factors. See United States v. Walker, No. 11-cr-381 (SRN/HB) (D. Minn. June 26, 2020); United States v. Kienstra, No. 4:14-cr-250 CDP (E.D. Mo. May 5, 2020).

punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c) bears the burden of establishing that such relief is warranted. See, e.g., United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016). "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C § 994(t). Moreover, "a compassionate release ... is an extraordinary and rare event." White, 378 F. Supp.3d at 787.

### Discussion

As a threshold matter, the record is unclear as to whether Defendant has exhausted his administrative remedies under § 3582(c)(1)(A). Defendant asserts that he filed his initial request for compassionate release with the Warden of Terre Haute USP on September 20, 2020; however, he has not provided proof of submission of his request and according to the Government, the BOP has indicated that it has not received a Reduction in Sentence request from Defendant. Regardless of whether Defendant has met his burden of proof on exhaustion, the Court finds his claim must be denied because he has not demonstrated that compassionate release is warranted.

### Extraordinary and compelling reasons

As explained above, the Sentencing Commission's guidance provides that an inmate's medical condition alone can sometimes be sufficiently extraordinary and compelling under § 3582(c)(1)(A). Alternatively, an inmate's serious medical condition "in combination with" additional factors may also justify compassionate release. Here, the Government acknowledges that Defendant's medical conditions, namely his heart condition, obesity, and hypertension, coupled with the COVID-19 pandemic, qualify as an "extraordinary and compelling" reason

under section 1B1.13, but argues they do not warrant release because Defendant still poses a danger to the community and because the factors in 18 U.S.C. § 3553(a) weigh strongly against early release.

While Defendant has shown an increased susceptibility to COVID-19, courts also have required defendants to demonstrate "a particularized risk of contracting the disease at his prison facility." See United States v. Feiling, 453 F. Supp. 3d 832, 840 (E.D. Va. 2020) (collecting cases). Defendant has not shown the BOP's procedures[2] to control the spread of COVID-19 is inadequate to manage the pandemic at USP Terre Haute or that the facility is specifically unable to care for him should he contract COVID-19. In fact, the BOP began administering doses of the COVID-19 vaccine to both inmates and staff in December 2020 under Centers for Disease Control guidance. See United States v. Edwards, No. 15-CR-339, 2021 WL 243190 at *2 (N.D. Ohio Jan. 25, 2021). By mid-January, more than half of the BOP's correctional facilities had received their initial allotments of the vaccine, and the BOP expects that all of its facilities will have received their first dose by mid-February. See COVID-19 Vaccination Efforts Commended, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/faq.jsp (last updated Jan. 16, 2021).

**General § 3553 sentencing factors and danger to the community**

As explained above, under § 3582(c)(1)(A), the Court must also give due "consider[ation to] the factors set forth in section 3553(a) to the extent they are applicable." In fashioning the appropriate sentence, the Court weighed these factors when it sentenced Defendant in 2017, including the serious nature of the offense, which involved Defendant's transportation of six females, four of whom were minors, from Ohio to Missouri where they were unduly influenced to participate in prostitution. Several of the females performed commercial sex acts and

---

[2] See Fed. Bureau of Prisons, Covid-19 Cases, https://www.bop.gov/coronavirus/index.jsp.

Defendant received the proceeds from such. Further, following his arrest and incarceration, Defendant attempted to obstruct justice by having family members contact the victims in this case. The Court also considered Defendant's criminal history, which includes prior convictions for burglary, receiving stolen property, theft, drug abuse, prostitution, endangering the welfare of a child, assault, carrying a weapon following a felony conviction, aggravated drug trafficking, and possession of marijuana.[3] All these factors – which are not affected by COVID-19 – preclude a finding that Defendant is not a danger to the community.

Considering the nature and circumstances of the offense and the history and characteristics of Defendant, the Court continues to find that a sentence of 300 months is just and fair under the totality of the circumstances. A sentence must reflect the seriousness of the conduct charged and afford adequate deterrence to said criminal conduct. Releasing Defendant at this point would be a contravention of the § 3553(a) factors. Even if Defendant was eligible for a sentence reduction, the Court would decline to exercise its discretion to reduce his sentence for the reasons set forth above. See United States v. Birdine, 962 F.3d 1032, 1034 (8th Cir. 2020).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for compassionate release [208], as supplemented by counsel [211] is **DENIED**.

Dated this 31st day of March, 2021.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

---

[3] Given the age of many of the convictions, Defendant received only four criminal history points. (Doc. No. 119 at ¶ 93).