UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CR-00553 JAR |
| ) | |
| KYLE MAURICE PARKS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Kyle Parks' second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 256). For the reasons set forth below, the motion will be denied.

### BACKGROUND

As summarized in the Court's first order (Doc. 225), Parks was found guilty on nine counts related to sex trafficking. In April 2017, he was sentenced to 300 months in prison followed by lifetime supervised release. In his first motion for compassionate release in November 2020, Parks asserted that his age, race, and serious medical conditions, specifically heart disease, high blood pressure and obesity, put him at risk of complications from COVID-19. The Court denied the motion, reasoning that the Bureau of Prisons was controlling the spread of the virus and administering vaccines, and Parks had not demonstrated a particularized risk. The Court further found that § 3553 sentencing factors weighed against any reduction in light of the serious nature of the offenses, Parks' attempt to influence witnesses, and his criminal history. The Eighth Circuit has rejected multiple appeals by Parks in this case.

In this second motion for compassionate release, Parks states that his heart condition has deteriorated to the point that he requires a heart transplant. (Doc. 256). Appointed counsel has filed a notice advising the Court of her intent not to file any supplement to the motion. (Doc. 263). Parks subsequently filed a request to proceed pro se with standby counsel. (Doc. 264). Parks is currently confined at Terre Haute USP in Indiana with a projected release date in August 2037. He is 62 years old.

## LEGAL STANDARDS

The First Step Act, passed in 2018, allows an incarcerated individual to bring his own motion for compassionate release if he has exhausted his administrative appeals or after the warden of his facility receives the request and does not respond within 30 days. Pub. L. No. 115-391, 132 Stat. 5194, § 603(b). Aside from allowing defendants to bring their own motions, the First Step Act did not change the standards for compassionate release. *United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021). Relief is available where the proposed sentence reduction is supported by: (1) "extraordinary and compelling reasons," (2) applicable policy statements issued by the Sentencing Commission, and (3) the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). As relevant here, a terminal illness or serious medical condition such as end-stage organ disease qualifies as an "extraordinary and compelling reason." U.S.S.G. § 1B1.13(b)(1).

The next requirement – that the reduction is consistent with Sentencing Commission policy – focuses on community safety. The Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2). Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. *Id.* (incorporating 18 U.S.C. § 3142(g) factors).

The third requirement focuses on § 3553(a) factors, which include "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Compassionate release under 18 U.S.C. § 3582(c) is "an extraordinary and rare event." *White v. United States*, 378 F.Supp.3d 784, 787 (W.D. Mo. 2019). The defendant bears the burden of establishing that such relief is warranted. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). Rehabilitation alone is insufficient to warrant relief; it may only be considered in combination with other compelling factors. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); *United States v. DeFoggi*, No. 22-2327, 2023 WL 4112142, at *2 (8th Cir. June 22, 2023).

## DISCUSSION

As a threshold issue, Parks claims that he exhausted his administrative remedies by submitting a request to the warden of his facility before petitioning the Court. § 3582(c)(1)(A). Despite the lack of supporting documentation evidencing Parks' internal efforts in this regard, out of caution the Court will address Parks' motion.

On the merits, the Court acknowledges that Parks' heart disease is an "extraordinary and compelling" circumstance. Though Parks has not provided medical records substantiating the severity of his condition at present, the Government conceded in its response to Parks' first motion that his condition satisfies the standards of U.S.S.G. § 1B1.13(b)(1). (Doc. 220 at 16). The Court was aware of Parks' heart disease at the time of sentencing and took it into consideration in determining the appropriate sentence. (Doc. 177 at 51). Parks also argues that the Court should

consider his rehabilitation efforts, though his motion again lacks specific evidence of his educational or vocational efforts in this regard. While circumstances known or foreseeable to the sentencing court does not preclude later consideration for a reduction, U.S.S.G. § 1B1.13(e), and rehabilitation may be weighed with other meritorious factors, U.S.S.G. § 1B1.13(d), the Court nonetheless finds any reduction inappropriate and unwarranted here based on the second and third prongs of the analysis.

With respect to the second requirement focusing on community safety, Parks suggests that he presents a low risk of recidivism due to his age.  He submits a BOP document supporting this assessment.  (Doc. 256 at 24).  But the Court does not find this persuasive in light of the totality of evidence in this case. As the Court expressed at sentencing (Doc. 177 at 51) and again in its previous order denying compassionate release (Doc. 225), the depravity of Parks' conduct – preying on young vulnerable women, including minors, to engage in prostitution – cannot be overstated. After his arrest, Defendant attempted to tamper with witnesses by having family members contact the victims in this case. At trial, Parks demonstrated no comprehension of the gravity of his conduct, let alone remorse. Given his prior convictions for similar abuses and other criminal activity, combined with his lack of accountability in this case, the Court firmly believes that Parks continues to pose a danger to victims and the community.

With respect to the third requirement, § 3553(a) sentencing factors do not support any reduction in sentence. The guideline range was 360 months to life.  The Court imposed a sentence below the guideline minimum due to Parks' age and poor health. Considering the reprehensible nature and traumatic consequences of Parks' offenses, the Court continues to find that a sentence of 300 months is just and fair, reflects the seriousness of Parks' conduct, and is necessary for adequate punishment and deterrence.

Finally, Parks attempts to raise matters not cognizable here. First, he challenges the evidence supporting the jury's guilty verdict, alleging misconduct by law enforcement. But a defendant may not use a motion for compassionate release to contest the validity or legality of his sentence. *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020). The Court will not entertain Parks' arguments in this regard and notes that the Court of Appeals has rejected every attack on the judgment. Parks also requests standby counsel for any "pending issues" or future evidentiary or resentencing hearings.  There being no such matters anticipated in this closed case, the Court will deny this request as moot.

## CONCLUSION

For the foregoing reasons, the Court finds that no reduction in sentence is appropriate in this case. *See United States v. Birdine*, 962 F.3d 1032, 1034 (8th Cir. 2020) (recognizing that all relief under the First Step Act is discretionary).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kyle Parks' motion for compassionate release is **DENIED**. (Doc. 256).

**IT IS FURTHER ORDERED** that Defendant's request for standby counsel is **DENIED as moot**. (Doc. 264).

Dated this 3rd day of April, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE